UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| v. | ) Miscellaneous No. |
| DESIREE ALI-FAIROOZ | ) |
| | ) |

## MOTION TO QUASH

The United States Attorney, through the undersigned attorneys and on behalf of

Condolezza Rice, Secretary, U.S. Department of State, a federal employee, hereby moves to

quash the subpoena issued in this matter.

The Court is respectfully referred to the accompanying memorandum of points and

authorities in support of this motion. A proposed order also accompanies the motion.


Respectfully submitted,


JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970
fax: 202/514/8780

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re Subpoena in | ) | |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| v. | ) | Miscellaneous No. |
| DESIREE ALI-FAIROOZ | ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO QUASH

**INTRODUCTION**

This motion to quash concerns a subpoena issued by the Superior Court of the District of

Columbia for the appearance of Condoleeza Rice, the Secretary of the U.S. Department of State,

a federal employee.  The subpoena directs Ms. Rice to appear to give testimony about facts that

she observed while performing her official duties and in her official capacity.  The subpoena

matter has been removed to this Court, consistent with *Brown & Williamson Tobacco Corp. v.

Williams*, 62 F.3d 408, 412-415 (D.C. Cir. 1995). See Docket No. 1. The applicable law and

Federal sovereign immunity preclude enforcement of a Superior Court subpoena that purports to

require a federal employee's appearance to testify at a trial in Superior Court.  The subpoena also

violates the Supremacy Clause. Thus, as is more fully explained below, the subpoena should be

quashed.

**Factual Background**

On November 27, 2007, counsel on behalf of defendant Desiree Ali-Fairooz (hereinafter

defendant), caused a subpoena to be sent to Christopher Richie, Office of Executive Director,

United States Department of State (the Department) via facsimile seeking testimony from

Secretary of State Condoleezza Rice (the Secretary) in connection with the above-referenced

case. Enclosure 1.[1]  Service was accepted solely in the Secretary's official capacity.  *Id.*

By e-mail dated November 29, 2007, the defendant responded to the Department's request

for additional information concerning the subpoena.  Enclosure 2.  Defendant's letter advised

that

> On October 25, 2007, the Attorney General for the District of Columbia charged
> Desiree Ali-Fairooz with Disorderly Conduct.  They are alleging that the
> disorderly conduct took place on or about October 24, 2007, at 50 Independence
> Ave., SW, Washington, D.C.
>
> We are subpoening Dr. Rice in her personal capacity, as she was present at the
> time of the alleged conduct.

*Id.*

By letter dated December 19, 2007, the Office of Legal Adviser sent defendant a letter

concerning the federal regulation pertaining to testimony by State Department employees

concerning official information.  Enclosure 3.  The letter advised that a Department employee

may not testify concerning such information unless authorized to do so under the Department's

*Touhy* regulations. *Id.*   The letter stated

> The Department's *Touhy* regulations, set forth at 22 C.F.R. § 172, identify the
> procedures to be followed when requesting information from the Department in
> connection with litigation to which the Department is not a party.  Under these
> procedures, a party seeking official Department information must "set forth in
> writing, and with as much specificity as possible, the nature and relevance of the
> official information sought."  22 C.F.R. § 172.5.  We also require that you
> provide us with all areas of inquiry, the expected duration of proceedings
> requiring oral testimony, and identification of any relevant documents. 22 C.F.R.
> 172.5.  This information is necessary for the Department to determine whether it

---

[1]  The Enclosures are attached to Exhibit A, the January 8, Agency Decision issued
concerning this subpoena.

is appropriate to authorize access to the requested information, considering a number of factors that are identified in the Department's regulations. See 22 C.F.R. § 172.8.

*Id.* The letter further advised

We have not processed your request at this time because it does not comply with these requirements. Neither your subpoena nor your November 29 e-mail provide the information required by the Department's regulations. Should you wish to submit additional information for the Department to consider, you should make a submission in writing in which you provide this information with as much specificity as possible. If you do not choose to do so, the Department will render a decision on your request based on the information currently available.

*Id.*

By letter dated December 21, 2007, defendant responded

This letter is in response to a letter from you via facsimile on December 19, 2007, requesting the specific information we seek to elicit from Secretary of State Condoleezza Rice through her testimony in the above-captioned case. A subpoena was issued to Dr. Rice in her personal capacity, requiring her to appear before Courtroom 120 of the District of Columbia Superior Court on January 29, 2008, at 9:00 a.m. She was an eyewitness to the events Ms. Ali-Fairooz is alleged to have engaged in that gave rise to a charge of disorderly conduct in the above captioned case. As such, official State Department information is not at issue in this case and *Touhy v. Regen*, 340 U.S. 462 (1951), does not apply.

Enclosure 4.

The incident in question occurred while Secretary Rice was at the Rayburn House Office Building to give public testimony before a Congressional committee in her official capacity as Secretary of State. Numerous individuals witnessed the incident and an audio/video recording was made of the incident. *See e.g.*

ttp://video.aol.com/video-detail/raw-video-condoleezza-rice-attacked/1517314173, and similar related links.

The defendant was charged with disorderly conduct in violation of D.C. Code § 22-1321

3

(1).  Enclosure 5.

By letter dated January 8, 2008, the Department issued to the defendant an agency

decision which determined that the Secretary would not be authorized to testify pursuant to the

subpoena.  Attachment 6.  The letter also advised that Secretary Rice did not intend to appear.

On January 17, 2008, the below-signed counsel confirmed telephonically with defendant's

counsel that he had received the Department's decision.  Defendant's counsel also confirmed that

defendant did not intend to withdraw the subpoena.  Below-signed counsel advised defendant's

counsel that a removal action would be filed on behalf of Secretary Rice.

**ARGUMENT**

The District of Columbia Superior Court's subpoena should be quashed because, as the

Court of Appeals has made clear, "[i]n state court the federal government is shielded by

sovereign immunity, which prevents the state court from enforcing a subpoena." *Houston-Bus.*

*Journ. v. OCC*, 86 F.3d 1208, 1211 (D.C. Cir. 1996).[2]  This immunity should extend to

Secretary Rice.  In *Sharon Lease Oil Co. v. Fed. Energy Reg. Comm'.n*, the court quashed a

Superior Court subpoena served on a federal employee because it concluded that sovereign

immunity extended to federal employees. 691 F. Supp. 381, 383 (D.C. Dist. 1988)(*citing J-lawaii*

*v. Gordon*, 373 U.S. 57, 58 (1963)(noting that the general rule is that relief sought nominally

against an officer is in fact against the sovereign); *see Kennedy v. Rabinowitz*, 318 F.2d 181

(D.C. Cir. 1963)(noting that "if the essential nature and effect of the proceeding may be such as

to make plain that the judgment sought would ... interfere with the public administration the suit

---

[2]  Pursuant to 28 U.S.C. 1451, the Superior Court of the District of Columbia is treated as a "State Court" for purposes of cases, such as this one, which are brought pursuant to the federal removal statutes.

4

is one against the sovereign"). Specifically, the court noted that the subpoena served on a federal employee affected the sovereign because it compelled the employee to testify about matters that were inextricably intertwined with his job duties and responsibilities. In the instant matter, it is clear that the subpoena seeks to compel Secretary Rice to testify about matters intertwined with her job duties and responsibilities, and that it would interfere with the public administration.

First, although defendant asserts in her communications with the Department that she is subpoening the Secretary in her "personal capacity," defendant did not. Rule 17 of the D.C. Superior Court Criminal Rules of Procedure requires that "Service of a subpoena shall be made by delivering a copy thereof to the person named." Defendant did not serve a copy of the subpoena on Ms. Rice as is required by Rule 17. [3] Rather, defendant sent a facsimile of the subpoena to an individual in the Department's Office of the Executive Director, Office of Legal Adviser. Enclosure 1.

Federal Regulations provide as follows concerning the service of subpoenas pertaining to information which a Department employee acquired in the course and scope of the performance of her duties.

> (a) Except in cases in which the Department is represented by legal counsel who have entered an appearance or otherwise given notice of their representation, only L/EX [Executive Office of the Office of the Legal Adviser (L/EX)] is authorized to receive and accept subpoenas, or other demands or requests directed to the Department, or any component thereof, or its employees, or former employees, whether civil or criminal nature, **for**:
> * * *
> (2) **Information, including testimony, . . . relating to material** contained in the files of the Department or **which any Department employee acquired in the**

---

[3] Therefore, unless required to appear by operation of the subpoena delivered to the Department, there has been no proper service on Ms. Rice, and she is not required to appear in Superior Court.

5

course and scope of the performance of his official duties;

\* \* \*

(c) **Except as otherwise provided in this part, the Department is not an agent for service, or otherwise authorized to accept on behalf of its employees any subpoenas,** show-cause orders, or similar compulsory process of federal or state courts, or requests **from private individuals or attorneys, which are not related to the employees' official duties except upon the express, written authorization of the individual Department employee** to whom such demand or request is directed.

(d) Acceptance of such documents by L/EX does not constitute a waiver of any defenses that might otherwise exist with respect to service under the Federal Rules of Civil or Criminal Procedure or other applicable rules.

22 C.F.R. § 172.3. The return copy of defendant's subpoena is explicitly stamped "Service Accepted in Official Capacity Only." Enclosure A. Thus, pursuant to applicable regulations, the subpoena which defendant served legally only could be for, and only was accepted by the Department for, testimony relating to information which the Secretary acquired in the course and scope of the performance of her official duties.

Second, the public interest outweighs compliance with the subpoena. The Court in *Sharon Lease Oil Co.* noted:

Moreover, the essential nature and effect of the subpoena will interfere with the public administration. "If [agency] employees were routinely permitted to testify in private suits, significant loss of manpower hours would predictably result.... The doctrine of sovereign immunity confers such 'protection from direct judicial interference.' " *Reynolds Metals Co. v. Crowther*, 572 F.Supp. 288, 290 (D.C.Mass.1982), *quoting Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 704, . . . (1949). *See also Environmental Enterprises, Inc. v. EPA*, Civ. No. 87-2289 (D.D.C. 1987) (Sporkin, J.) (officials might find themselves spending all of their time doing nothing but complying with state court orders and thus have little opportunity to pursue important governmental responsibilities). *In Alex v. Jasper Wyman & Son*, 115 F.R.D. 156 (D.Me.1986), the court stated that when a nonparty government agency is served with a subpoena, the court should balance the interest of the party seeking disclosure and the legitimate demands of proper judicial administration against the public interest favoring the conservation of government resources and the protection of orderly governmental operations.

*Id.*, at 158-59.

*Sharon Lease Oil Co.* v. F.E.R.C.  691 F.Supp. 381, 383 -384 (D.D.C.1988).

Federal regulations allow for an initial examination of the varying interests at the Agency level through the Department's *Touhy* regulations, set forth at 22 C.F.R. § 172.  In this matter, the Department specifically advised the defendant of the regulation's requirement that she "set forth in writing,  with as much specificity as possible, the nature and relevance of the official information sought,"   and invited the defendant to submit additional information for the Department's consideration of her request. Ex. 3.  The defendant refused to do so.  Defendant only replied:  "She [Dr. Rice]   was an eyewitness to the events Ms. Ali-Fairooz is alleged to have engaged in that gave rise to a charge of disorderly conduct. . . ."   Enclosure 4.

Based on this, the Department issued a decision which found  that the defendant's subpoena was subject to the *Touhy* regulations "[b]ecause the Secretary witnessed the events at issue in this case while she was at the Rayburn House Office Building to give testimony before a Congressional committee in  her official capacity as Secretary of State." Enclosure 5 at p. 4.  It also found that defendant failed to comply with 22 C.F.R. § 172.5:

> You have not set forth with any specificity the nature or the relevance of the information sought.  You also have provided no information concerning the purported relevance of this testimony or any particularized need for testimony by the Secretary of State, as opposed to that of any number of other witnesses to the events that gave rise to this action.  You have stated only that the Secretary was an eyewitness to these events.  You have failed to allege that the Secretary's testimony is necessary to avoid prejudice or injustice to the defense, or to explain why it is material and favorable to the defense of the charges at issue.

Enclosure 5 at p. 4-5.  See *Lerner v. District of Columbia*,  2005 WL 2375175, 3 (D.D.C.2005) (subpoena must be quashed because Plaintiff refused to comply with the [agency's] request,

pursuant to its Touhy regulation . . . , that Plaintiff "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought.").

Additionally, the Department balanced defendant's request against relevant factors, including the public interest, the need to conserve the time of Department employees for the conduct of official business and the potential for any adverse effect on the performance of the Department's mission and duties, and found as follows:

> In light of the public nature of the events at issue in this case, the existence of professional audio/video recordings of these events, and the availability of numerous other eye-witnesses, and taking into account the need to conserve the time of the Secretary to conduct foreign affairs on behalf of the United States and attend to other official business, we have concluded that requiring the Secretary of State to testify in this case would be unduly burdensome, inappropriate and not in the public interest. It would adversely affect the mission of the Department of State for the Secretary to be distracted from carrying out her important duties because she is required to appear and testify for no compelling purpose.

Enclosure. 5 at p. 5. This Court should find similarly. Since the defendant has identified no relevance or materiality of the testimony to her defense, and has failed to allege, much less make a clear showing that the testimony is essential to prevent prejudice or injustice to her defense, the public interest clearly lies in the mission and duties of the Department not being impeded by the Secretary being distracted and removed from carrying out her official duties and responsibilities for no relevant or material purpose.

Superior Court legal precedent also provides that high government officials should not be called to testify personally unless "a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party who would require it." *Bardoff v. U.S.*, 628 A.2d 86, 92 -93 (D.C.1993); *see also Harris v. U.S.*, 834 A.2d 106, 124 (D.C.2003) ("The Compulsory Process Clause is not violated each time a defendant is deprived of a witness's testimony, but

8

only when the witness's testimony would have been 'favorable and material' and 'not merely cumulative to the testimony of available witnesses.")

Federal precedent similarly provides that in general, heads of agencies and other top government executives are normally not subject to subpoena absent exceptional circumstances. *See e.g. Church of Scientology of Boston v. IRS*, 138 F.R.D. 9, 12 (D. Mass. 1990); *United States v. Miracle Recreation Equip. Co.*, 118 F.R.D. 100, 104-05 (S.D. Iowa 1987) (before a party may take the deposition of a high placed government official, the party must show that: 1) particular officials's testimony is pertinent to material issues in the lawsuit; and 2) the evidence is not available through some other less burdensome or obtrusive sources); *see also Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586-87 (D.C.Cir.1985) (oral deposition of top executive department officials normally not countenanced); *Peoples v. United States Dept. of Agriculture*, 427 F.2d 561, 567 (D.C. Cir. 1970); *In re Office of Inspector General, RR Retirement Bd.*, 933 F.2d 276, 278 (5th Cir. 1991) (District Court must remain mindful of the requirement that exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted), *Sykes v. Brown*, 90 F.R.D. 77, 78 (E.D. Pa. 1981) (before a party may take the deposition of an agency head, the party must at least show that the agency head possesses particular information necessary to the development or maintenance of the party's case which cannot reasonably be obtained by another discovery mechanism); *Church of Scientology*, 138 F.R.D. at 12-13.

The rationale for this stringent rule is that, "[i]f the head of a government agency were subject to having his deposition taken concerning any litigation affecting his agency or any litigation between private parties which may indirectly involve some activity of the agency, we

9

would find that the heads of government departments and members of the President's Cabinet would be spending their time giving depositions and would have no opportunity to perform their functions." *Capitol Vending, Co. v. Baker*, 36 F.R.D. 45, 46 (D.D.C. 1964). In *Sykes*, the court further explained:

> the Court first notes that heads of Government agencies are not normally subject to deposition. This blanket statement is rooted in sound policy. Persons in such positions routinely make administrative decisions in the exercise of their discretionary powers, which may affect many. Lawsuits often follow. Should the agency head be subject to deposition in every resulting case and be repeatedly required to explain the various mental steps he took to reach his decision, the decision may be his last.

*Sykes*, 118 F.R.D. at 78 (citations omitted). Another court added:

> public policy requires that the time and energies of public officials be conserved for the public's business to as great an extent as may be consistent with the ends of justice in particular cases. Considering the volume of litigation to which the government is a party, a failure to place reasonable limits upon private litigants' access to responsible governmental officials as sources of routine pre-trial discovery would result in a severe disruption of the government's primary function.

*Community Fed. Savings & Loan Assoc. v, FHLBB*, 96 F.R.D. 619, 621 (D.D.C. 1983). In short, high ranking government officials have greater duties and time constraints than other witnesses. *In re FDIC v. 11,950 Acres of Land*, 58 F.3d 1055, 1060 (5th Cir. 1995).

The other and equally strong ground to quash this subpoena is that a state court's attempt to compel a federal entity to comply with a subpoena violates the Supremacy Clause. *Boron Oil v. Downie*, 873 F.2d 67, 71 (4h Cir. 1989). Accordingly, quashing the subpoena is also proper under the Supremacy Clause.

Finally, the subpoena cannot be enforced because it has been removed. It is well-settled

that "because a federal court's jurisdiction upon removal is derivative of the state court's, the

federal court in a removed action is also barred from enforcing a subpoena against the federal

government." *Houston Bus. Journ.*, 86 F.3d at 1212.

CONCLUSION

For the forgoing reasons, the subpoena issued by the Superior court was void ab initio.

Wherefore, the subpoena should be quashed and the subpoena matter dismissed.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970
fax: 202/514/8780

UNITED STATES DISTRICT COURT

CERTIFICATE OF SERVICE


I HEREBY CERTIFY that on this 18th day of January, 2008, I caused service of the following:

Motion to Quash, to be made on Desiree Ali-Fairooz, through counsel, by first class mail

addressed to:

       Mark Loudon-Brown
       111 F St. NW
       Washington, D.C. 20001
       Attorney for Plaintiff Fairooz

                    Rhonda C. Fields
                    Assistant U.S. Attorney



**United States Department of State**

*Washington. D.C. 20520*

VIA FACSIMILIE AND
U.S. MAIL

January 8, 2008

Mark Loudon-Brown
E. Barrett Prettyman Fellow
Georgetown Criminal Justice Clinic
111 F Street, N.W.
Washington, D.C. 20001

       Re:   District of Columbia v. Desiree Ali-Fairooz, (D.C.
            Superior Court No. 2007 CDC 24980)

Dear Mr. Loudon-Brown:

      This is a final decision concerning your request for Secretary of State
Condoleezza Rice's testimony in connection with the above-referenced case.

**Factual Background**

      On November 27, 2007, you caused a subpoena to be sent via
facsimile to Christopher Riche, Office of the Executive Director, United
States Department of State (the Department), Office of the Legal Adviser,
seeking testimony from Secretary of State Condoleezza Rice (the Secretary)
in connection with the above-referenced case. Enclosure 1. Service was
accepted solely in the Secretary's official capacity. *Id.*



GOVERNMENT
EXHIBIT
A

Mark Loudon-Brown
January 8, 2008
Page 2 of 6

By e-mail dated November 29, 2007, you responded to a request for additional information concerning the subpoena. Enclosure 2. You advised that:

> On October 25, 2007, the Attorney General for the District of Columbia charged Desiree Ali-Fairooz with Disorderly Conduct. They are alleging that the disorderly conduct took place on or about October 24, 2007, at 50 Independence Ave., SW, Washington, D.C.
>
> We are subpoenaing Dr. Rice in her personal capacity, as she was present at the time of the alleged conduct.

*Id.*

My December 19, 2007, letter advised that the Department's *Touhy* regulations govern the response to your request and that Department employees may not provide oral or written testimony concerning official information unless authorized to do so under those regulations. Enclosure 3. The letter specifically provided that:

> The Department's *Touhy* regulations, set forth at 22 C.F.R. § 172, identify the procedures to be followed when requesting information from the Department in connection with litigation to which the Department is not a party. Under these procedures, a party seeking official Department information must "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." 22 C.F.R. § 172.5. We also require that you provide us with all areas of inquiry, the expected duration of proceedings requiring oral testimony, and identification of any relevant documents. 22 C.F.R. 172.5. This information is necessary for the Department to determine whether it is appropriate to authorize access to the requested information, considering a number of factors that are identified in the Department's regulations. See 22 C.F.R. § 172.8.

Mark Loudon-Brown
January 8, 2008
Page 3 of 6

*Id.* The letter further advised:

> We have not processed your request at this time because it does
> not comply with these requirements. Neither your subpoena
> nor your November 29 e-mail provide the information required
> by the Department's regulations. Should you wish to submit
> additional information for the Department to consider, you
> should make a submission in writing in which you provide this
> information with as much specificity as possible. If you do not
> choose to do so, the Department will render a decision on your
> request based on the information currently available.

*Id.* By letter dated December 21, 2007, you responded:

> This letter is in response to a letter I received from you via
> facsimile on December 19, 2007, requesting the specific
> information we seek to elicit from Secretary of State
> Condoleezza Rice through her testimony in the above-captioned
> case. A subpoena was issued to Dr. Rice, in her personal
> capacity, requiring her to appear before Courtroom 120 of the
> District of Columbia Superior Court on January 29, 2008, at
> 9:00 a.m. She was an eyewitness to the events Ms. Ali-Fairooz
> is alleged to have engaged in that gave rise to a charge of
> disorderly conduct in the above captioned case. As such,
> official State Department information is not at issue in this case
> and *Touhy v. Ragen*, 340 U.S. 462 (1951), does not apply.

Enclosure 4.

The incident in question occurred while Secretary Rice was at the
Rayburn House Office Building to give public testimony before a
Congressional committee in her official capacity as Secretary of State.
Numerous individuals witnessed the incident and audio/video recordings of
the incident are readily available on the internet. *See e.g.*
http://video.aol.com/video-detail/raw-video-condoleezza-rice-
attacked/1517314173.

Mark Loudon-Brown
January 8, 2008
Page 4 of 6

Ms. Ali-Fairooz was charged with disorderly conduct in violation of D.C. Code § 22-1321 (1).  Enclosure 5.

## Findings

1. "[O]fficial information means all information of any kind, however stored, that . . . was acquired by Department employees as part of their official duties or because of their official status within the Department while such individuals were employed by or served on behalf of the Department." 22 C.F.R. § 172.1(d).  Department employees may not provide oral or written testimony concerning official information unless authorized to do so under the Department's *Touhy* regulations.  22 C.F.R. § 172.4.  *See United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951).  The term employee "includes the Secretary and former Secretaries of State."  22 C.F.R. § 172.1(b).

Because the Secretary witnessed the events at issue in this case while she was at the Rayburn House Office Building to give testimony before a Congressional committee in her official capacity as Secretary of State, the information Secretary Rice has concerning this matter is official Department information, as defined by the regulation, and the request is subject to the Department's *Touhy* regulations.

2. The Department's *Touhy* regulations provide that:

> If official Department information is sought, through testimony or otherwise, by a request or demand, the party seeking such release or testimony must . . . set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought. . . . Subject to Sec. 172.7, Department employees may only produce, disclose, release, comment upon, or testify concerning those matters which were specified in writing and properly approved by the appropriate Department official designated in Sec. 172.4.

22 C.F.R. § 172.5.  Notwithstanding my December 19, 2007, letter advising you of the Department's *Touhy* regulations, you have not set forth with any specificity the nature or the relevance of the information sought.

Mark Loudon-Brown
January 8, 2008
Page 5 of 6

You also have provided no information concerning the purported relevance of this testimony or any particularized need for testimony by the Secretary of State, as opposed to that of any number of other witnesses to the events that gave rise to this action.  You have stated only that the Secretary was an eyewitness to these events.  You have failed to allege that the Secretary's testimony is necessary to avoid prejudice or injustice to the defense, or to explain why it is material and favorable to the defense of the charges at issue.

   3. Having received no supplemental information concerning the request, the Department has rendered a decision based on the information currently available and set forth above.  The Department has balanced your request against the relevant factors provided in our *Touhy* regulations, including the public interest, the need to conserve the time of Department employees for the conduct of official business, the obligation to avoid spending the resources of the United States for private purposes, and the potential for any adverse effect on the performance of the Department's mission and duties.  22 C.F.R. § 172.8.

   In light of the public nature of the events at issue in this case, the existence of professional audio/video recordings of these events, and the availability of numerous other eye-witnesses, and taking into account the need to conserve the time of the Secretary to conduct foreign affairs on behalf of the United States and attend to other official business, we have concluded that requiring the Secretary of State to testify in this case would be unduly burdensome, inappropriate and not in the public interest.  It would adversely affect the mission of the Department of State for the Secretary to be distracted from carrying out her important duties because she is required to appear and testify for no compelling purpose.

   4. Moreover, governing case law in the District of Columbia does not support enforcement of your subpoena.  *See e.g. Bardoff v. United States*, 628 A.2d 86, 92-93 (D.C. 1993)(citing *Davis v. United States*, 390 A.2d 976, 981 (D.C. 1978) for its holding that "high government officials should not be called to testify personally unless 'a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party who would require it.'"); *Harris v. United States*, 834 A.2d 106, 124 (D.C. 2003) ("The Compulsory Process Clause is not violated each time a defendant is

GEORGETOWN CRIMINAL JUSTICE CLINIC
111 F ST. NW - DC 20001

# Superior Court of the District of Columbia
## CRIMINAL DIVISION
## SUBPOENA
### IN FORMA PAUPERIS

SERVICE ACCEPTED IN
OFFICIAL CAPACITY ONLY

EXECUTIVE DIRECTOR 11/28/07
OFFICE OF THE LEGAL ADVISER

~~UNITED STATES~~
DISTRICT OF COLUMBIA

vs.

Case No. 07-CDC-24980

DESIREE ALI-FAIROOZ

To: DR. CONDOLEEZZA RICE, U.S. SECRETARY OF STATE

YOU ARE HEREBY COMMANDED:

To appear before ~~the Criminal Division room~~/courtroom 120 of the Superior Court of the District of Columbia, 500 Indiana Avenue/~~Judiciary Center, 555 Fourth Street~~, N.W., Washington, D.C. on the 29 day of JANUARY , 20 08 , at 9:00 a.m./~~p.m.~~ as a witness for THE DEFENSE

☐ and bring with you _____

and do not depart from the Court without leave thereof.

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this 27 day of NOVEMBER , 20 07 .

_____      _____
Officer in Charge            District

Clerk, Superior Court
of the District of Columbia

MARK LOUDON-BROWN
Attorney for ~~Government~~/Defendant

Phone No. 202-662-9586

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of subpoena for medical records.

_____      _____
Date                          Judge

RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:

☒ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below.

| Name and Title of Individual Served | Address (If different than shown above) 2201 C STREET NW, ROOM SS19 WASHINGTON, DC 20520 |
|---|---|
| CHRISTOPHER REICHE, OFFICE OF THE EXECUTIVE DIRECTOR | |

☐ I hereby certify that, after diligent investigation, I am unable to locate the individuals, company, corporation, etc., named in above subpoena for the reason(s) as shown in "REMARKS."

| Date(s) of Endeavor | Date and Time of Service 11/27/07  3:06 PM |
|---|---|
| REMARKS BY FAX 202-736-7508 | Signature of Title of Server |

CD-1872/Jan. 00

*U.S. GPO: 2000-520-518/94542



GOVERNMENT
EXHIBIT
Enclosure
1

## Abruzzese, Donna M

**From:**    Mark A Loudon-Brown [mal99@law.georgetown.edu]
**Sent:**    Thursday, November 29, 2007 4:34 PM
**To:**      Abruzzese, Donna M
**Subject:** Follow-up Information re: Subpoena

Ms. Abruzzese,

Below is the additional information you requested about the subpoena I submitted for Dr. Rice,

On October 25, 2007, the Attorney General for the District of Columbia charged Desiree Ali-Fairooz with Disorderly Conduct. They are alleging that the disorderly conduct took place on or about October 24, 2007, at 50 Independence Ave. SW, Washington, D.C.

We are subpoenaing Dr. Rice in her personal capacity, as she was present at the time of the alleged conduct.

Thanks very much, and please let me know if you need any additional information.

Mark Loudon-Brown
E. Barrett Prettyman Fellow
Georgetown Criminal Justice Clinic
111 F Street, NW
Washington, D.C. 20001
202-662-9586 (phone)
202-662-4224 (fax)



GOVERNMENT EXHIBIT
Enclosure
2



**United States Department of State**

*Washington, D.C. 20520*

DEC 1 9 2007

<u>VIA FACSIMILIE AND</u>
<u>U.S. MAIL</u>

December 19, 2007

Mark Loudon-Brown
E. Barrett Prettyman Fellow
Georgetown Criminal Justice Clinic
111 F Street, N.W.
Washington, D.C. 20001

      Re:   <u>District of Columbia v. Desiree Ali-Fairooz</u>, (D.C. Superior
Court No. 2007 CDC 24980)

Dear Mr. Loudon-Brown:

      This letter is in response to your subpoena seeking testimony from Secretary
of State Condoleezza Rice on January 29, 2007 in connection with the above-
referenced case, in which your client has been charged with disorderly conduct.
This subpoena was sent to the United States Department of State (the Department)
via facsimile on November 27, 2007 (copy enclosed). Although your subpoena is
directed to "Dr. Condoleezza Rice, U.S. Secretary of State," you advised the
Department by e-mail on November 29 (copy enclosed) that you seek to subpoena
Dr. Rice "in her personal capacity, as she was present at the time of the alleged
conduct."

      Based on the information currently available to us, the subject of the
testimony you seek is official Department information. Official information
includes any information that is "acquired by Department employees as part of
their official duties or because of their official status within the Department." 22
C.F.R. § 172.1. Department employees may not provide oral or written testimony



concerning official information unless authorized to do so under the Department's *Touhy* regulations. 22 C.F.R. § 172.4. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The term employee "includes the Secretary and former Secretaries of State." 22 C.F.R. § 172.1.

The Department's *Touhy* regulations, set forth at 22 C.F.R. § 172, identify the procedures to be followed when requesting information from the Department in connection with litigation to which the Department is not a party. Under these procedures, a party seeking official Department information must "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." 22 C.F.R. § 172.5. We also require that you provide us with all areas of inquiry, the expected duration of proceedings requiring oral testimony, and identification of any relevant documents. 22 C.F.R. 172.5. This information is necessary for the Department to determine whether it is appropriate to authorize access to the requested information, considering a number of factors that are identified in the Department's regulations. See 22 C.F.R. § 172.8.

We have not processed your request at this time because it does not comply with these requirements. Neither your subpoena nor your November 29 e-mail provides the information required by the Department's regulations. Should you wish to submit additional information for the Department to consider, you should make a submission in writing in which you provide this information with as much specificity as possible. If you do not choose to do so, the Department will render a decision on your request based on the information currently available.

If you have any questions, you may contact me at (202) 647-2318.

Sincerely,

Brad Wiegmann
Assistant Legal Adviser
United States Department of State

Enclosures:
    As stated.



GEORGETOWN UNIVERSITY LAW CENTER

*Criminal Justice Clinic*
*Prettyman/Stiller Fellowship Program*

Dean
T. Alexander Aleinikoff

Co-Director
John M. Copacino

Co-Director
Abbe Smith

Executive Assistant
Teruko R. Scriven

Investigation Supervisor
Rebecca O'Brien

December 21, 2007

Mr. Brad Wiegmann
Assistant Legal Adviser
United States Department of State
Washington, D.C. 20520
Fax: (202) 736-7116

      Re:    *District of Columbia v. Ali-Fairooz*, 07-CDC-24980

Dear Mr. Wiegmann:

      This letter is in response to a letter I received from you via facsimile on December 19, 2007, requesting the specific information we seek to elicit from Secretary of State Condoleezza Rice through her testimony in the above-captioned case. A subpoena was issued to Dr. Rice, in her personal capacity, requiring her to appear before Courtroom 120 of the District of Columbia Superior Court on January 29, 2008, at 9:00 a.m. She was an eyewitness to the events Ms. Ali-Fairooz is alleged to have engaged in that gave rise to a charge of disorderly conduct in the above-captioned case. As such, official State Department information is not at issue in this case and *Touhy v. Ragen*, 340 U.S. 462 (1951), does not apply.

      Thanks very much for your cooperation and please do not hesitate to contact me with further questions.

                    Sincerely,

                    Mark Loudon-Brown
                    Counsel to Ms. Ali-Fairooz
                    Georgetown Criminal Justice Clinic
                    111 F Street, N.W.
                    Washington, D.C. 20001
                    (202) 662-9586 (phone)
                    (202) 662-4224 (fax)



*111 F Street NW   Washington DC 20001-2095*
*202-662-9575   FAX Number: 202-662-9681*

# Superior Court of the District of Columbia
## CRIMINAL DIVISION

### THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA
### INFORMS THE COURT THAT WITHIN THE DISTRICT OF COLUMBIA:

NAME   Ali-Fairooz, Desire A.   PDID# _____   DOB   4/9/1956   SEX   Female

ADDRESS   712 5th Street N.E., Washington, D.C. 20002

PERMIT # _____   ARREST #   520 701 030   ☐ DCTN #   DCP 214368   TAG # _____

on or about   October 24, 2007

at   50 Independence Ave., S.W.  Washington, D.C.

DISORDERLY CONDUCT - GENERAL DISORDERLY: did, with the intent to provoke a breach of the peace, or under circumstances such that a breach of the peace might be occasioned thereby, act in a manner as to annoy, disturb, interfere with, obstruct and be offensive to others, in violation of D.C. Code § 22-1321 (1) (2001).

DATE   October 25, 2007

_____
Assistant Attorney General
District of Columbia

COURT DATE   10/25/2007

REPORTED BY   L. Drayton          DIST.#   USCP          BADGE #:   5249

COL.   Lock Up          LOCKUP #   46          WARRANT _____

CDL ☐          HAZMAT ☐          CMV ☐


GOVERNMENT EXHIBIT
Enclosure
5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re Subpoena in                          )
                                           )
DISTRICT OF COLUMBIA                       )
v.                                         ) Miscellaneous No.
DESIREE ALI-FAIROOZ                        )
                                           )

ORDER

      Upon consideration of the Motion To Quash filed by the Office of the United States

Attorney for the District of Columbia, for the reasons set forth in support thereof, and upon

consideration of the entire record herein, it is hereby

      ORDERED that the motion to quash shall be and is hereby granted, the subpoena is

quashed and this subpoena matter shall be and is hereby dismissed.

Date:           _____
               UNITED STATES DISTRICT JUDGE